UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11820-RWZ

OASIS, INC, JOHN C. FISHER, and JOHN L. SOUSA

v.

NICHOLAS J. FIORILLO

MEMORANDUM OF DECISION

March 30, 2017

ZOBEL, S.D.J.

Appellants Oasis, Inc., John C. Fisher, and John L. Sousa (collectively, "appellants") appeal two orders of the United States Bankruptcy Court for the District of Massachusetts.  The first order, dated October 31, 2014, denied their motion for summary judgment against appellee Nicholas J. Fiorillo.  The second, dated April 20, 2015, entered judgment in favor of Fiorillo.  Appellants maintain that because a monetary claim they have against Fiorillo falls under one or more exceptions to bankruptcy discharge it should not be discharged in Fiorillo's bankruptcy proceedings.  Both orders are affirmed.

I.      Background

This appeal stems from a lawsuit that Fiorillo filed in the Worcester County Superior Court in 1999.  In this suit, Fiorillo asserted an ownership interest in Oasis,

Inc., and claimed against Sousa, Fisher, and others. The parties agreed to bifurcate the trial and first try the issue of whether Fiorillo signed a release that precluded him from making his claims. At the trial in November 2007, appellants offered a letter (Exhibit 2) under which the release was unconditional,[1] while Fiorillo's counsel presented a letter (Exhibit 5) saying the release should be held in escrow "until the completion of the sale to Mr. Fiorillo and at the close my client will formally surrender his ownership interests." R. at 62, 64, 102–03, 107–08.[2] The jury concluded that an unfulfilled condition precedent existed that had to be met before the release could be enforced.

After the trial, the trial judge granted a motion for a new trial for reasons unrelated to the current appeal. Then, in May 2009, appellants moved to reopen discovery on the authenticity of Exhibit 5. The motion was allowed, and the trial judge held an evidentiary hearing. In an August 1, 2009, Memorandum of Decision and Order, the trial judge concluded "that Exhibit 5 is a fabricated counterfeit document" and that "Fiorillo did have access to the legal files regarding this matter and, specifically, that he had access to the documents eventually marked as exhibits at the trial, or copies thereof." Fiorillo v. Oasis, Inc., No. 992455, 2009 WL 3086016, at *6 (Mass. Super. Aug. 1, 2009). The judge stated that while he "cannot make a finding that

---

[1] Exhibit 2 did contain contingencies, but the attorney for Fiorillo at the time the release was drafted and signed testified that these conditions were met, and so he released to Fiorillo the money which he had been holding in escrow. See Fiorillo v. Oasis, Inc., No. 992455, 2009 WL 3086016, at *1 (Mass. Super. Aug. 1, 2009). Accordingly, Exhibit 2 has been referred to as the "Unconditional Letter." See Appellants' Record Appendix at 134.

[2] "R." refers to the appellants' Record Appendix, Docket # 6-1. Because the pagination on the docket entry on top of the pages is unreadable, I refer to the appellants' pagination at the bottom.

Fiorillo was the person who fabricated Exhibit 5, [he] note[s] that the counterfeit document was presented by his counsel at trial and was used to bolster Fiorillo's contention that there was an unfulfilled condition precedent to the release becoming effective." Id. at *7 (footnote omitted).[3] The judge dismissed Fiorillo's complaint with prejudice and ordered Fiorillo to reimburse appellants for costs and fees "for all matters relating to the discovery of and proof of the fabrication of Exhibit 5." Id. at *8. Appellants allege that the Superior Court issued a $36,728.27 execution against Fiorillo in connection with these costs and fees on August 31, 2010.

Fiorillo filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 23, 2010, and his case was converted to a Chapter 7 bankruptcy case on October 7, 2010. On January 3, 2011, appellants filed an adversary proceeding in the bankruptcy court in which they asserted that the execution is nondischargeable under 11 U.S.C. § 523(a)(2). In 2014, they moved for summary judgment in the bankruptcy court on the same ground, namely that "[t]he execution issued against [Fiorillo] is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because it arises entirely from [Fiorillo]'s false pretenses, false representations, and fraud," and "collateral estoppel precludes [Fiorillo] from contesting the Worcester Superior Court's findings with respect to the fraudulent document that is the cause of [Fiorillo]'s debt to [appellants]." R. at 20.

In an October 31, 2014, decision, the bankruptcy court denied appellants' motion for summary judgment. The court explained that the exceptions to discharge in 11

---

[3] In a footnote, the judge stated that he "do[es] not have any evidence whatsoever that Fiorillo's trial counsel was involved in the fabrication of Exhibit 5." Fiorillo, 2009 WL 3086016, at *7 n.2.

U.S.C. § 523(a)(2) apply to "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by," inter alia, fraud and false representations.  In re Fiorillo, 520 B.R. 355, 358 (Bankr. D. Mass. 2014) (quoting 11 U.S.C. § 523(a)(2)).  Here, the court said, "while [appellants] may have advanced money, property or services in the form [of] legal services, fees or costs in the Worcester Superior Court Suit, those advances were not in any way <u>obtained by</u> Mr. Fiorillo, fraudulently or otherwise."  Id. at 359.  Accordingly, the court held that "[t]he mere fact that plaintiffs were the beneficiaries of the state court's monetary sanction and that the sanction arose as a result of Mr. Fiorillo's fraud on the court, does not make the monetary sanction non-dischargeable under § 523(a)(2)."  Id.

After denying appellants' motion for summary judgment, the bankruptcy court issued an order requiring appellants show cause why summary judgment should not enter for Fiorillo.  Appellants responded that "even if the debt is dischargeable under § 523(a)(2)(A), it arises out of [Fiorillo]'s willful and malicious injury to the [appellants] and is a penalty payable for the benefit of a government unit, and therefore is nondischargeable pursuant to § 523(a)(6) and (7)."  R. at 146.  The bankruptcy court rejected appellants' arguments that § 523(a)(2) applied and that genuine issues of material fact existed with regard to this section.  It then stated that "[e]ven were I to consider [appellants'] belated invocation of § 523(a)(6) and (7) as a deemed motion to amend their complaint (which would be a stretch), I would decline to grant such a motion at this point in the proceeding."  R. at 168.  The bankruptcy court then issued a further order entering summary judgment for Fiorillo.  This appeal followed.

**II.     Standard of Review**

A district court reviews a bankruptcy court's factual findings for clear error and its legal conclusions de novo.  See In re Watman, 301 F.3d 3, 7 (1st Cir. 2002).  "A motion for summary judgment in an adversary proceeding under § 523(a)(2)(A) to have a debt declared nondischargeable is governed by the same standards applicable to motions under Fed. R. Civ. P. 56."  In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (citing Fed. R. Bankr. P. 7056).  Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Accordingly, a district court reviews "the grant of summary judgment de novo."  Spigel, 260 F.3d at 31.

**III.    Discussion**

On appeal, appellants make two main arguments: (1) Fiorillo's debt satisfied the discharge exception under 11 U.S.C. § 523(a)(2)(A); and (2) even if the debt did not satisfy the discharge exception under § 523(a)(2)(A), it did satisfy the exceptions under §§ 523(a)(6) and 523(a)(7).

**A.     Section 523(a)(2)(A)**

Under Section 523(a)(2)(A) of the Bankruptcy Code, a bankruptcy discharge "does not discharge an individual debtor from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  See 11 U.S.C. § 523(a)(2)(A).  These "[e]xceptions to discharge are narrowly construed . . . and the

claimant must show that its claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a)." Spigel, 260 F.3d 32 (alterations in original) (quoting In re Menna, 16 F.3d 7, 9 (1st Cir. 1994)). The "party seeking to prevent [the debtor] from discharging his debt to them . . . bear[s] this burden to show that [the debtor]'s debt comes squarely within an exemption from discharge. " Id.

The Supreme Court has explained that "the phrase 'to the extent obtained by' in § 523(a)(2)(A)" "modifies 'money, property, services, or . . . credit' — not 'any debt' — so that the exception encompasses 'any debt . . . for money, property, services, or . . . credit, to the extent [that the money, property, services, or . . . credit is] obtained by' fraud." Cohen v. de la Cruz, 523 U.S. 213, 218 (1998) (alterations in original). "Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge." Id. at 218–19.

Here, Fiorillo did not "obtain" "money, property, services, or an extension, renewal, or refinancing of credit" by fraud or a false representation. To the extent anything was obtained by the fabricated document, it was a verdict[4] in a suit that was then dismissed with prejudice. While the $36,728.27 execution for which Fiorillo is liable may have stemmed from fraud, Fiorillo did not "obtain" this money by fraud or false representations. Indeed, he did not obtain this money at all. The bankruptcy court appropriately granted summary judgment in favor of Fiorillo on this basis.

---

[4] In their brief, appellants argue that "[a] verdict represents a legal right to an award of damages, costs, and/or fees, and legal rights are property interests." Docket # 6, at 12. They also claim that "Mr. Fiorillo . . . obtained control over the litigation, which is a property interest." Id. at 12–13. They then suggest in their reply brief that the "costs and fees incurred by [appellants] were incurred specifically because Mr. Fiorillo had obtained property by fraud within the meaning of Section 523(a)(2)(A)." Docket # 16, at 6. However, this attempt at linguistic gymnastics complicates and misses the point. First, the civil suit was dismissed with prejudice, so the verdict does not stand. Second, whether appellants incurred costs related to a fraud, Fiorillo did not "obtain" these costs.

### B.     Sections 523(a)(6) and 523(a)(7)

Next appellants claim that Fiorillo's debt is nondischargeable under §§ 523(a)(6) and 523(a)(7). However, they failed to include these as a cause of action in their complaint, and they cannot now rely on them. The bankruptcy court specifically said that even were it to construe appellants' "belated invocation of § 523(a)(6) and (7) as a deemed motion to amend their complaint . . ., [it] would decline to grant such a motion at this point in the proceeding." R. at 168. Specifically, the court explained that "[a]fter four years of pending litigation, three of them active, in which [appellants'] conduct can be characterized, at best, as reactive and, at worst, catatonic, it would be unjust indeed to allow [appellants] to amend their complaint as they now suggest." Id. at 169. Appellants do not challenge the bankruptcy court's ruling on this ground,[5] nor would any attempt be availing.

### IV.    Conclusion

The bankruptcy court's orders are AFFIRMED.

|  |  |
|---|---|
| March 30, 2017 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES SENIOR DISTRICT JUDGE |

---

[5] To the extent appellants claim in their reply brief that their "arguments were timely as they were specifically in response to [the] Order to Show Cause" and were also alluded to in their motion for summary judgment, Docket # 16, at 4–5, this argument again misses the mark. The issue for appellants is that because they failed to include §§ 523(a)(6) & 523(a)(7) as causes of action in their complaint, they cannot, absent a successful motion to amend, now rely on them.